TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------------------------X
TUNG YEUNG,
*on his own behalf and on behalf of others similarly situated*

                                            Plaintiff,
                                            v.

NEW FOLIAGE INC; and
YI WEI REN a/k/a Jack Ren,
RICHIE XIAOLU REN, and
SHANZHU HE

                                            Defendants.
-----------------------------------------------------------X

**Case No. 19-cv-02018**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**COMPLAINT**

      Plaintiff TUNG YEUNG (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants NEW FOLIAGE INC; and YI WEI REN a/k/a Jack Ren, and alleges as follows:

### INTRODUCTION

      1.      This action is brought by the Plaintiff TUNG YEUNG, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

      2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in pattern and

practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost

4. Plaintiff further alleges pursuant to the Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that he is entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about May 08, 2019 to June 01, 2019, Plaintiff TUNG YEUNG was employed by Defendants to work as a Deliveryman at Foliage Chinese Restaurant located at 452 Main St, East Haven, CT 06512.

8. Plaintiff and other Foliage Chinese Restaurant employees lived at the restaurant-provided dorm at 483 Main Street, East Haven, CT 06512.

## DEFENDANTS

*Corporate Defendant*

9.      Defendant NEW FOLIAGE INC d/b/a Foliage Chinese Restaurant is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 452 Main Street, East Haven, CT 06512.

10.     NEW FOLIAGE INC d/b/a Foliage Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11.     NEW FOLIAGE INC d/b/a Foliage Chinese Restaurant purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

12.     YI WEI REN a/k/a Jack Ren known as Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Foliage Chinese Restaurant.

13.     YI WEI REN a/k/a Jack Ren actually hired and fired, Plaintiff TUNG YEUNG.

14.     YI WEI REN a/k/a Jack Ren acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Foliage Chinese Restaurant.

## STATEMENT OF FACTS

15.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

*Plaintiff TUNG YEUNG*

16. From on or about May 08, 2019 to June 01, 2019, Plaintiff TUNG YEUNG was employed by Defendants to work as a Deliveryman at Foliage Chinese Restaurant located at 452 Main St, East Haven, CT 06512.

17. From on or about May 08, 2019 to June 01, 2019 Plaintiff TUNG YEUNG's run from

   a. 11:00 to 22:30 from Tuesday to Thursday for Eleven and half (11.50) hours per day.

   b. 11:00 to 23:00 on Friday and Saturday for Twelve (12) hours a day.

   c. 12:00 to 22:30 on Sunday for Ten and Half (10.50) hours a day.

18. From on or about May 08, 2019 to June 01, 2019 Plaintiff TUNG YEUNG worked for a total of Seventy (70) hours a week with Monday off.

19. At all relevant times, Plaintiff TUNG YEUNG did not have a fixed time for lunch or for dinner.

20. In fact, Plaintiff TUNG YEUNG had ten minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to deliver.

21. From on or about May 08, 2019 to June 01, 2019, Plaintiff TUNG YEUNG was paid a flat compensation at a rate of Eighteen Hundred Dollars ($1800) per month.

22. At all relevant times, Plaintiff TUNG YEUNG was not paid overtime pay for overtime work.

23. At all relevant times, Plaintiff TUNG YEUNG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

24. Throughout his employment, Plaintiff TUNG YEUNG was not compensated at

least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

25. In delivering food to Defendants' customers, Plaintiff TUNG YEUNG drives between 4.5 miles to 9 miles per day, with an average of 9 miles.

26. On average, Plaintiff TUNG YEUNG drives 4.5 miles per order, and delivers Thirty Five (35) orders a day.

27. Plaintiff TUNG YEUNG was not reimbursed by Defendants for the cost of the gasoline and maintaining his delivery vehicle (car) for Defendants' benefit.

28. Moreover, Plaintiff TUNG YEUNG was hurt during delivery at 15:30 on May, 25, 2019 and terminated thereafter.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. At all relevant times, Defendants had a policy and practice of refusing to pay

Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

32. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

33. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [CMWA Minimum Wage Violations]

34. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

35. Defendants willfully violated the rights of Plaintiff by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

36. Defendants willfully violated the rights of Plaintiff by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline and automobile expenses in violation of Conn. Gen. Stat. §31-62-E7.

37. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

38. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

39. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiff for all hours worked at the full minimum wage,

penalty damages, interest, and court costs.

40. Defendants' conduct in failing to pay Plaintiff his earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so.

41. Accordingly, Plaintiff is entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

44. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

45. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

46. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours

per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

48.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [CMWA Overtime Violations]

50.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

51.     This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

52.     Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

53.     Defendants willfully failed to distribute records of hours worked, earnings, and

overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

54. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

55. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

56. Defendants' conduct in failing to pay Plaintiff and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so.

57. Accordingly, Plaintiff is entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

### COUNT V.
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]**

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles.

60. Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his car.

61. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

62. Plaintiff purchased, maintained and repaired the car at his own expense.

63. Plaintiff performed these deliveries for the sole benefit of the Defendants.

64. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

65. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

66. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the car, and the purchase of batteries.

67. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

68. Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the car.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and CMWA;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and CMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damage.

      g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

      i)      The cost and disbursements of this action;

      j)        An award of prejudgment and post-judgment fees;

      k)        Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York                        By:   /s/ John Troy
                                                                      John Troy (JT0481)